*424 SUMMARY ORDER
Plaintiff Clifton S. Freedman appeals from the judgment and orders of the district court denying his motion for a new trial and granting a limited award of attorneys’ fees. We assume the parties’ familiarity with the underlying facts and procedural history of the case.
The defendants obtained Freedman’s subscriber information from Internet provider Amei'ica Online (“AOL”) pursuant to an invalid warrant. Some of Freedman’s emails and subscriber information was subsequently published in the local press. Freedman claimed, inter alia, that the defendants’ actions violated the Electronic Communications Privacy Act (“the ECPA”), 18 U.S.C. § 2701 et seq. The ECPA provides for a private right of action for subscribers aggrieved by an ECPA violation. Id. § 2707(a). Successful plaintiffs are entitled to recover actual damages in an amount no less than $1,000, punitive damages if the violation is willful or intentional, and costs and “reasonable attorney fees determined by the court.” Id. § 2707(c). The court granted summary judgment for the plaintiff on this claim.
The case proceeded to trial before a jury on other claims made by the plaintiff in his complaint, including that defendants’ actions constituted a violation of the First Anendment and of an analogous Connecticut state constitutional provision protecting freedom of expression, and were a tortious invasion of privacy. The intention of the court and the parties was that the jury trial was also meant to determine damages under the ECPA.
Freedman argues that a new trial .is warranted because of an error in the jury instruction. Judge Dorsey’s initial statement to the jury did not make clear that the defendants had already been found liable by the court on summary judgment for a violation of the ECPA, and that the jury was to assess damages under that statute even if they did not find the defendants liable on the other claims. The verdict form was also unclear on this point. The jury then returned a verdict of no liability on the non-ECPA counts, and left the damages portion of the verdict form blank, although it was supposed to award damages to the plaintiff on the ECPA claim.
Judge Dorsey issued what was intended to be a curative instruction, alerting the jury to its obligation to assess damages for an already-established statutory violation involving the use of an invalid warrant to obtain Freedman’s subscriber information, and returned the case to the jury. When asked by Judge Dorsey for his views on the curative instruction, Freedman’s counsel replied, “I think that was appropriate.” (Tr. Tran.226.) The jury returned a verdict of $1.00 in nominal damages.
“[Wjhen a court errs in the jury charge and delivers a timely curative instruction, we ordinarily may presume that the jury adhered to that correction unless there is an overwhelming probability that the jury Mas unable to follow the court’s instructions and the [error] is devastating.” United States v. Salameh, 152 F.3d 88, 144 (2d Cir.1998) (internal quotation marks, citations, and brackets omitted), cert. denied, 525 U.S. 1112, 119 S.Ct. 885, 142 L.Ed.2d 785 (1999). Freedman appears to argue that the jury was unable to follow the curative instruction because it was offered after the initial deliberation and return of verdict. But Freedman did not raise this objection at trial. To the contrary, he stated that he thought the curative instruction was appropriate.
“Normally, we will not consider a challenge to a jury charge if a party failed to object at trial. Thus, where no timely objection was made ... we may reverse on this ground only if the district court com *425 mitted plain error in its charge and interrogatories. An error is plain if it results in a miscarriage of justice, or if it is an obvious instance, of misapplied law.” Latsis v. Chandris, Inc. 20 F.3d 45, 49 (2d Cir.1994) (citations and internal quotation marks omitted). Moreover, “not even the plain error doctrine permits reversal on the ground that the trial court granted a defendant’s request to charge. We have been especially reluctant to reverse for plain error when it is invited.” United States v. Young, 745 F.2d 733, 752 (2d Cir.1984) (internal quotation marks omitted).
Freedman does not argue that the curative instruction misapplied the law or resulted in a miscarriage of justice. The instruction does seem to have been incorrect, at least insofar as it did not advise the jury to consider punitive damages, or of the statutory minimum of $1000 in damages for violations of the ECPA. However, Freedman does not make that argument on appeal. He relies instead on the conelusory statement that “[t]he plaintiff was entitled to a proper jury instruction regarding the ECPA claim befare the jury began its deliberations, not after.” Appellant’s Br. at 18. He cites no authority for this proposition, nor are we aware of any. Freedman’s failure to object to the curative instruction at trial forecloses any argument he might now make that the jury was unable to follow the curative instruction. See Fed. R. Civ. Pro. 51; Jarvis v. Ford Motor Co., 283 F.3d 33, 57 (2d Cir.2002) (“We have previously emphasized that failure to object to a jury instruction ... prior to the jury retiring results in a waiver of that objection ....”; brackets and quotation marks omitted).
The plaintiff asserts that the district court erred in reducing the hourly rates compensable for Freedman’s attorneys. The court found the rates proposed to be “relatively high ... for the New Haven and Hartford markets,” and because the proposed fees were supported ' only by a single affidavit from one of the billing attorneys, the court ruled that Freedman “ha[d] not met his burden of providing evidence that the rates requested by all attorneys ‘are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.’ ” Ruling on Mot. for Atty’s Fees, at 6 (Dec. 5, 2006) [A 117] (quoting Blum v. Stenson, 465 U.S. 886, 896, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984)).
It is well-settled that the fee applicant has the burden of showing by satisfactory evidence that the requested hourly rates are the prevailing market rates. Farbotko v. Clinton County, 433 F.3d 204, 209 (2d Cir.2005). A district court may rely on its “own familiarity with the rates prevailing in the district.” Id. Ideally, fee applicants should include information regarding the credentials of each timekeeper seeking reimbursement and an expert affidavit by a disinterested local practitioner stating the prevailing market rates in the area. See, e.g., McDonald v. Pension Plan of the NYSA-ILA Pension Trust Fund,, 450 F.3d 91, 97 & n. 5 (2d Cir.2006); A.R. v. N.Y. City Dep’t of Educ., 407 F.3d 65, 79 n. 15 (2d Cir.2005). While these requirements are not absolute, it was not an abuse of discretion for the district court to determine, in light of its own knowledge of the market, that the plaintiff had not met his burden of showing that the rates requested were in line with the prevailing market rates for comparable lawyers.
The plaintiff also asserts that he is enti1 tied to a higher award of counsels’ fees on the grounds that the fees awarded were based only on the time his lawyers expended pursuing the ECPA claim. “If ... a plaintiff has achieved only partial or limited success, the product of hours reason *426 ably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount.... [T]he most critical factor is the degree of success obtained .... There is no precise rule or formula for making these determinations .... The court necessarily has discretion in making this equitable judgment.” Hensley v. Eckerhart, 461 U.S. 424, 436-37, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). We review the district court’s award of attorneys’ fees for abuse of discretion. Darnet Realty Assocs. LLC v. 136 E. 56th St. Owners, Inc., 214 F.3d 79, 87 (2d Cir.2000).
The district court said “the only claim on which Plaintiff ultimately prevailed was resolved on February 4, 2004, when summary judgment entered for Plaintiff on his ECPA claim.” Ruling on Mot. for Atty’s Fees, at 7 (Dec. 5, 2006). After that date, the District Court ruled, Freedman’s lawyers were otherwise unsuccessful. After February 4, however, Freedman prevailed on both his motion to amend the judgment and, in part, on an application for attorneys’ fees. On October 12, 2005, Freedman moved to amend the post-trial judgment to state: 1) plaintiff had prevailed against Young and Bensey on his ECPA claim, 2) the Town of Fairfield was vicariously liable for the ECPA violation, and 3) plaintiff was entitled to $1,000 in statutory damages. The Court granted this motion in its entirety. In addition, on November 18, 2005 Freedman filed a motion for an award of attorneys’ fees in the amount of $250,045.08, which he renewed on September 20, 2006. On December 5, 2006, the District Court granted Freedman’s motion in part, awarding him $13,799.50 in attorneys’ fees and $1,074.52 in legal research costs. Thus, Freedman also prevailed on his motion for attorneys’ fees, and time spent preparing that application is itself potentially recoverable. Cf. DiFilippo v. Morizio, 759 F.2d 231, 236 (2d Cir.1985). Accordingly, the District Court’s determination that, after February 4, 2004, Freedman was unsuccessful is contradicted by the record. We therefore vacate the award of attorneys’ fees and remand the matter to the District Court for consideration of whether the attorneys’ fees associated with these successful post-trial motions should be awarded.
For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED and the order awarding attorneys’ fees is hereby VACATED and the matter REMANDED to the District Court for further proceedings.